Officer Thomas L. Washington North Little Rock Police Department c/o Personnel Department 1923 Pike Avenue North Little Rock, Arkansas 72114
Dear Officer Washington:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Cum. Supp. 1991), for an opinion on whether the custodian of the records at the North Little Rock Police Department is correct in the tentative determination to release records detailing your use of sick leave, personal leave, and vacation time from November of 1990 to February of 1993, pursuant to a Freedom of Information Act ("FOIA") request made by a citizen.
You have enclosed both the FOIA request and the actual leave records at issue with your request. The records consist of several pages of charts indicating the amount of leave time accumulated and used by you during the relevant period. You note that it is your opinion that these records, if released, would constitute a clearly unwarranted invasion of personal privacy because they relate to medical leave.
It is my opinion that the custodian is correct in making the determination to release the records.
The records come within the definition of "public records" for purposes of the FOIA. See A.C.A. § 25-19-103. The question therefore becomes whether they are exempted by the act or by any other state law. The exception noted in your request is the exception for "[p]ersonnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).[1] It was concluded in Op. Att'y Gen. No. 92-132 (copy enclosed), that "[t]o the extent . . . a record is maintained indicating whether individuals took vacation or sick leave, it is my opinion that a claim of unwarranted invasion of personal privacy as to its release would generally not be well-founded." It was concluded in that opinion, after a review of what types of records might constitute a "clearly unwarranted invasion of personal privacy," that sick leave and vacation leave records do not fall within this exception and must be released pursuant to the FOIA.[2]
It is therefore my opinion, in accordance with the prior opinion of this office, that the custodian is correct in determining to release these records.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] It is my opinion that the submitted records are not "medical records" for purposes of A.C.A. § 25-19-105 (b)(2).
[2] A review of these particular records reveals no information other than the amount of leave taken. There is no information contained in these records which would be exempted as an unwarranted invasion of personal privacy.